IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                    NO. 10-50067-002

JASON M. FEDELE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 30, 2012, the Defendant/Movant Jason M. Fedele (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 104). The Government has filed a Response (Doc. 114), the Defendant has filed a Reply (Doc. 137)[1], and the Government has filed a Sur-Reply (Doc. 141). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

**PROCEDURAL BACKGROUND:**

On September 15, 2010, a twelve-count Superceding Indictment (Doc. 29) was filed against Defendant and Co-

---

[1]Defendant was granted leave to file an amended § 2255 motion, as he indicated that he conceded some of the grounds raised in his original motion lacked merit. (Docs. 125, 128.) Rather than filing an amended § 2255 motion, however, Defendant filed a Reply (Doc. 137), indicating that he was abandoning Grounds Two, Five and Six of his § 2255 motion.

Defendants James Mitchell and Tiffney Fedele.  On December 6, 2010, Defendant pled guilty to Count One of the Superseding Indictment – conspiring to use an interstate facility to distribute proceeds of an unlawful activity (prostitution), and to promote, manage, establish, carry on and facilitate such unlawful activity, in violation of 18 U.S.C. § 1952(a)(1) & (3) (the Travel Act), and 18 U.S.C. § 371.  Defendant also pled guilty to Count Two of the Superseding Indictment – conspiring to launder the proceeds of the above unlawful activity, in violation of 18 U.S.C. § 1956(a)(1) & (h).  (Doc. 60.)

On July 7, 2011, Defendant was sentenced to thirty-three months imprisonment on Counts One and Two, with the terms to run concurrently; three (3) years supervised release on each count, with the terms to run concurrently; a $200.00 Assessment; and a $4,000.00 fine. (Doc. 85).  No appeal from the Judgment was taken.

**GROUNDS FOR § 2255 MOTION:**

In the motion now before the Court, which Defendant filed pro se, Defendant asserts the following grounds[2] for relief:

Ground One: Defendant's conviction and sentence must be vacated and dismissed based on the Supreme Court's ruling in United States v. Santos, 553 U.S. 507 (2008)(plurality opinion),

---

[2]As noted above, Defendant abandoned Grounds Two, Five and Six in his Reply.

and his counsel was ineffective in failing to argue the <u>Santos</u> defect;

Ground Three: Defendant is actually innocent-his plea of guilty was unknowing and involuntary due to ineffective assistance of counsel; and

Ground Four: Prosecutorial Misconduct - there was no substantial federal interest in prosecuting the Defendant and the prosecution fabricated evidence.

**GROUND ONE: DEFENDANT'S CONVICTION AND SENTENCE MUST BE VACATED AND DISMISSED BASED ON THE SUPREME COURT'S RULING IN <u>UNITED STATES V.SANTOS</u> AND COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THE <u>SANTOS</u> DEFECT:**

To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced by counsel's deficient performance. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry, the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. <u>Id</u>. at 689. As to the prejudice prong of the inquiry, a defendant must demonstrate that the outcome of the plea process would have been different with competent

-3-

advice.  Id.  Specifically, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Watson v. United States, 682 F.3d 740, 745 (8th Cir. 2012).

At the time Santos was decided in 2008, the federal money laundering statute, 18 U.S.C. § 1956, did not define the term "proceeds."  In Santos, a divided Supreme Court held that the term proceeds referred to profits rather than receipts, as applied in the illegal gambling context.  Defendant argues that he "was only charged with conspiring . . . to distribute the 'proceeds' of an unlawful activity and [his case] is analogous to Santos."  (Doc. 104 at pg. 4.)

In 2009, following the Supreme Court's holding in Santos, Congress amended § 1956 to define the term proceeds.  Fraud Enforcement and Regulatory Act of 2009, Pub.L. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618.  As amended, the statute defines "proceeds" broadly to include gross receipts.  18 U.S.C. § 1956(c)(9).  As Defendant pled guilty in 2010, the amended statutory definition and not the Santos definition of proceeds was applicable to his case.  Accordingly, Defendant's Santos challenge to his conviction for conspiracy to commit money laundering (Count Two) is without merit.

With regard to Defendant's conviction for conspiring to

-4-

violate the Travel Act (Count One), this conviction was based not just on using an interstate facility to distribute the proceeds of the prostitution enterprise, but on using an interstate facility to promote, manage, establish, carry on and facilitate the prostitution enterprise. In the plea agreement, Defendant admitted to using the telephone to operate and manage the prostitution enterprise, and this alone was sufficient to support his conviction on Count One.

In any event, Defendant stipulated to the following facts in the Plea Agreement:

> The investigation revealed that the escort service was actually an interstate and intrastate prostitution enterprise which employed escorts to engage in sex acts with customers for monetary payment and that Mitchell owned and operated the prostitution enterprise from approximately July 2003 until at least August 11, 2010, when Mitchell was arrested. During this period of time, Mitchell conspired with other individuals to conduct the prostitution enterprise[,] including business partners who at one time or another shared the ownership responsibilities and **profits** of the prostitution enterprise with Mitchell, prostitutes who would perform sexual acts with customers under the direction and control of Mitchell and other co-conspirators, and other employees who had various responsibilities within the prostitution enterprise. Mitchell and the other co-conspirators knew that the prostitutes were engaging in sexual acts for monetary payment. . . .

> Prostitutes working for Mitchell were paid by customers for sexual services with cash, checks and credit cards. Mitchell charged customers $200.00 for an hour with females working for his service. The female kept $100.00 for payment of her services and Mitchell kept the other $100.00 as his portion of each call. . . .

The investigation identified [Defendant] as an employee/business partner of Mitchell who conspired with Mitchell and others to operate the prostitution enterprise. . . .

On or about September 25, 2009, [Defendant] directed Jane Doe #2, a prostitute in Springfield, Missouri, to travel in interstate commerce from Missouri to the Western District of Arkansas to engage in acts of prostitution with customers of the enterprise.

(Doc. 60 at pgs. 4-9) (emphasis added).  These facts establish that at least part of the proceeds of the prostitution enterprise were, indeed, profits.

Based upon the foregoing, the undersigned sees no merit to Defendant's <u>Santos</u> argument or to his claim that counsel was ineffective for failing to raise this argument.

**GROUND THREE: DEFENDANT IS ACTUALLY INNOCENT–HIS PLEA OF GUILTY WAS UNKNOWING AND INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL:**

Defendant argues that the Government was required, under Counts 1 and 2, to prove that he "persuaded" or "induced" or "enticed" or "coerced" the escorts to have sexual relations with clients, and that there was no proof of such, nor did the prosecution allege Defendant was guilty of such conduct. Accordingly, Defendant argues that because he was actually innocent, his counsel was ineffective and his plea was not voluntary or knowing.

To establish a violation of the Travel Act, the Government was required to prove: (1) an unlawful activity; (2) knowledge of the Defendant of the unlawful activity; and (3) the use of

-6-

AO72A
(Rev. 8/82)

interstate commerce (1) to facilitate the carrying on of the unlawful activity or, (2) to distribute the proceeds. 18 U.S.C. § 1952(a); United States v. Corona, 885 F.2d 766, 771 (11th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). Thus, contrary to Defendant's assertion, the Government did not have to prove that the Defendant persuaded, induced, enticed, or coerced the escorts to have sexual relations with clients; rather, the Government only had to prove that Defendant knew the escorts were engaging in acts of prostitution and that Defendant used a facility of interstate commerce to facilitate the carrying on of this activity or to distribute the proceeds of this activity. As detailed above, in the Plea Agreement's stipulation of facts, Defendant admitted having knowledge of the escorts engaging in acts of prostitution.

With respect to the money laundering count, the Government had to prove: (1) defendant conducted, or attempted to conduct a financial transaction that affected interstate or foreign commerce; (2) the financial transaction involved proceeds of unlawful activity; (3) defendant knew the property represented proceeds of some form of unlawful activity; and (4) defendant conducted or attempted to conduct the financial transaction knowing the transaction was intended to promote the carrying on of illegal activity. See 18 U.S.C. § 1956(a)(1)(A)(i); United States v. Diaz-Pellegaud, 666 F.3d 492, 498 (8th Cir.), cert.

-7-

denied, 133 S. Ct. 235 (2012).  Again, Defendant admitted all of these elements in the plea agreement's stipulation of facts.

Based upon the foregoing, Defendant has failed to establish his actual innocence, and his ineffective assistance of counsel claim in this regard, therefore, fails.

**GROUND FOUR: PROSECUTORIAL MISCONDUCT – THERE WAS NO SUBSTANTIAL FEDERAL INTEREST IN PROSECUTING THE DEFENDANT AND THE PROSECUTION FABRICATED EVIDENCE:**

It appears this claim is procedurally barred, as Defendant did not file a direct appeal and assert this claim on appeal. Issues not raised in a direct appeal and raised for the first time in a § 2255 motion are procedurally defaulted.  See Meeks v. United States, 742 F.3d 841, 844 (8th Cir. 2014).  A defendant must demonstrate actual innocence or cause and prejudice to excuse a procedural default.  Id.  As discussed above, the undersigned sees no merit to Defendant's contention that he is actually innocent of the charges to which he pled guilty, and Defendant has not demonstrated any cause for his failure to raise this claim on direct appeal.  While it is, therefore, unnecessary to address the merits of this claim, the undersigned will nevertheless do so.

Defendant argues that there was "no substantial federal interest" in prosecuting him.  This same argument was made in United States v. Dickson, 2012 WL 5845120, *4 (W.D. Ark. Oct. 29, 2012), adopted, 2012 WL 5862833 (2012), where the Court

-8-

noted that the Travel Act specifically defined "unlawful activity" to include state prostitution offenses and held that it was clear that Congress "intended to extend to Federal Prosecution those misdemeanor acts that were engaged in crossing state lines in committing these offenses." Dickson, 2012 WL 5845120 at *3-4; 18 U.S.C. § 1952(b). Consistent with the holding in Dickson, the undersigned believes Defendant's argument in this regard is without merit.

Defendant further argues that the prosecution "made 'false allegations' to Mitchell's attorney that [Defendant] would testify that 'Mitchell was aware that minors worked as prostitutes in Mitchell's escort service' and [Defendant] never told [the prosecution] any such 'LIES' . . . . This whole case against [Defendant] and others . . . was based on 'fabricated' evidence which was all lies . . . .  which constituted fraud and bad faith." (Doc. 104 at pg. 9.) Defendant's allegations are conclusory and unsupported. See Morelos v. United States, 709 F.3d 1246, 1253 (8th Cir. 2013) (finding no merit to defendant's claim of prosecutorial misconduct as it was based only on unsupported allegations). Further, Defendant's guilty plea forecloses all pre-plea non-jurisdictional attacks on his conviction, including prosecutorial misconduct. See United States v. Shafer, 2006 WL 995726, *1 (8th Cir. 2006).

**CONCLUSION:**

Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 98) be DENIED and DISMISSED WITH PREJUDICE.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

-10-

AO72A
(Rev. 8/82)

DATED this 1st day of April, 2014.

_/s/ Erin L. Setser_
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)